Mr. Jeffery S. Walter 7504 Alabama Benton, AR 72015
Dear Mr. Walter:
You have requested an Attorney General opinion concerning the release of certain records in response to a request that has been presented to the Little Rock School District under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.)
You state that a reporter from the Arkansas Democrat-Gazette has requested certain of your personnel records. You have provided me with copies of the records that the school district has determined are responsive to the request. They are the following:
 • A memorandum dated 3-19-98, with a copy of a return receipt showing a delivery date of 6-16-95.
 • A letter dated February 16, 1999, from Dr. Richard Hurley of the Little Rock School District to Frank Martin, Executive Director of the Little Rock Classroom Teachers Association.
 • An "Interoffice Memo" dated November 20, 1997, from Jim Fullerton to you.
 • A letter dated November 24, 1997, from Jim Fullerton to you. This record contains a reference, by name, to a student.
 • A letter dated February 11, 1999, from Frank Martin, Executive Director of the Little Rock Classroom Teachers Association.
You state that the school district has determined that the above-listed records will be released, absent a contrary opinion from this office. You object to the release of these records.
I am directed by law to issue an opinion as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that the custodian's determination that these records should be released is consistent with the FOIA. However, a student's name should be redacted from one of the records, and the facts may dictate that your home address should be redacted from another record. These redactions will be explained more fully below.
The records you have provided constitute either "personnel records" or "employee evaluation/job performance records," within the meaning of the FOIA. Under the FOIA's standards for the release of these types of records, these particular records, in your case, are releasable. I will begin by setting forth those standards.
Personnel Records
Under the FOIA, "personnel records" must be released unless the release of such records would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12).
The FOIA does not define the term "personnel records." However, the Attorney General has consistently taken the position that "personnel records" are all records, other than employee evaluation/job performance records, that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 99-147, citing Watkins, TheArkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
Once it has been determined that a particular record is a "personnel record," the ensuing issue is whether its release would constitute a clearly unwarranted invasion of the personal privacy of the employee in question.
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
Employee Evaluation/Job Performance Records
Under the FOIA, "employee evaluation/job performance records" are releasable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). An obvious presupposition of the foregoing test for releasability is that the employee in question was suspended or terminated.
Again, the FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. The Attorney General has consistently taken the general position that records relating to an employee's performance or lack of performance on the job are properly classified as job performance records under the FOIA. See,e.g., Ops. Att'y Gen. Nos. 96-132; 91-324. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 99-147; 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
It is my understanding that you were suspended and that there has been a final administrative resolution of your suspension.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor Watkins, cited previously, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins, Id. at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id.
at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.") I have previously opined that the public has a compelling interest in records that reflect the conduct of public school teachers during school hours and school-related events, where such conduct directly impacted students.See Ops. Att'y Gen. Nos. 2001-144 and -146.
Your Records
It is my opinion that the memorandum dated 3-19-98 should be released. This record appears to be an employee evaluation/job performance record, because it contains references to a suspension and to an incentive program. Because there has been a final administrative resolution of your suspension, and because, in my opinion, the public has a compelling interest in the impact of this suspension on your compensation, this record meets the standard for the releasability of employee evaluation/job performance records.
It is my opinion that the return receipt is a personnel record and should be released. However, it is possible that the facts may dictate that your home address should be redacted from this record before it is released. I have previously opined, on the basis of the Arkansas Supreme Court's decision in Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998), that home addresses can be withheld from disclosure under certain factual circumstances. In Stilley, the Arkansas Supreme Court upheld a record custodian's decision to withhold from release certain police officers' home addresses. In upholding that decision, the Stilley court applied its traditional balancing test between the privacy interest and the public interest. In doing so, the court specifically considered the fact that this information can carry a heightened potential to be used for purposes of harassment, nuisance, and of people attempting to contact the subject at home, or endangering the employees' safety (and that of their families). This fact, coupled with the fact that the requestor of the information had not requested it for the purpose of gaining knowledge about the inner workings of government (the purpose of the FOIA), led the court to conclude that in that case, the privacy interest in this information outweighed the public interest in it. If the facts indicate that your home address could be used for purposes of harassment, nuisance, of people contacting you at home, or of endangering your family's safety, it may be appropriate to redact this information from the return receipt record.
It is my opinion that the letter dated February 16, 1999, the "Interoffice Memo" dated November 20, 1997, the letter dated November 24, 1997, and the letter dated February 11, 1999, are all employee evaluation/job performance records. For the reasons stated previously, under the circumstances of your case, these records, in my opinion, meet the standard for the releasability of such records.
However, the student's name that is mentioned in the letter dated November 24, 1997 should be redacted from this record before it is released. Because this record contains a reference to a student, it implicates the Federal Educational Rights Privacy Act (20 U.S.C. § 1232g) (FERPA), as well as a new language that has recently been added to the Arkansas FOIA.
The FERPA generally provides that educational institutions can lose their federal funding if they disclose "education records" or "personally identifiable information contained therein" without the written consent of the student (or the student's parent if the student is under the age of eighteen. 20 U.S.C. § 1232g(b)(1). The term "education records" is defined broadly in the FERPA as "records, files, documents and other materials which . . . contain information directly related to a student."20 U.S.C. § 1232g(a)(4)(A). Although the FERPA does contain some exceptions from its confidentiality requirements, this letter does not fall within any of the exceptions. Therefore, if the school district fails to redact this student's name without the parent's consent before releasing this record, it will risk losing any federal funding that it receives.
Moreover, the student's name or personally identifying information should be redacted under a new language that has been added to the Arkansas FOIA. Act 1653 of 2001 added the following language to the FOIA:
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (2) . . . education records as defined in the Federal Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g, unless their disclosure is consistent with the Federal Educational Rights and Privacy Act of 1974[.]
A.C.A. § 25-19-105(b)(2).
Once the student's name has been redacted, the letter can be released, along with the other releasable records described above.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General